Dear Mr. Bakas:
On behalf of your client, the Children's Board of Hillsborough County, you have asked for my opinion on substantially the following question:
Whether a judge is counted as part of the governing body of a council of children's services created pursuant to section 125.901, Florida Statutes, for purposes of adopting a millage rate and in particular in adopting a millage rate in excess of the adjusted rolled-back millage rate pursuant to section 200.185(5)(b)?
Part V, Chapter 125, Florida Statutes, makes statutory provision for children's services councils. Section 125.901, Florida Statutes, authorizes each county to create an independent special district by ordinance to provide funding for children's services throughout the county. The county commission must obtain referendum approval for the levy of ad valorem taxes and the district created pursuant to section 125.901, Florida Statutes, then levies and fixes millage rates as required by section 200.065, Florida Statutes. Once that millage is approved by the electorate, the district is not required to seek voter approval in future years to levy the previously approved millage.[1]
The governing board of the independent special district is a council on children's services, [2] made up of 10 members. The council is charged with providing and maintaining preventive, developmental, treatment, and rehabilitative services for the county's children;[3]
allocating and providing funds for other agencies in the county that are operated for the benefit of county children, provided they are not school system programs;[4] collecting information and statistical data and conducting research which will be helpful in identifying the needs of children in the county;[5] consulting and coordinating with other child welfare agencies in the county to prevent overlapping services;[6] and to buy property for the purposes of the council[7]
and hire staff.[8]
Millage rates must be fixed by ordinance or resolution of the governing body of the taxing authority and only in the manner specifically provided by general law or special act.[9] In 2007, the Legislature created section 200.185, Florida Statutes.[10]
establishing maximum millage rates for the 2007-2008 and 2008-2009 fiscal years. Section 200.185(5), Florida Statutes, with which you are concerned, provides:
"In the 2008-2009 fiscal year . . . an independent special district may levy a maximum millage determined as follows:
(a) The maximum millage rate that may be levied shall be the rolled-back rate calculated pursuant to s. 200.065 and adjusted for growth in per capita Florida personal income, except that ad valorem tax revenue levied in the 2007-2008 fiscal year shall be reduced by any tax revenue resulting from a millage rate approved by a super majority vote of the governing board of the taxing authority in excess of the maximum rate that could have been levied by a majority vote as provided in this section. For a county authorized to levy a county public hospital surtax under s. 212.055, the maximum millage rate shall exclude the revenues required to be contributed to the county public general hospital for the purposes of making the maximum millage rate calculation, but shall be added back to the maximum millage rate allowed after the applicable percentage of the rolled-back rate as provided in subparagraphs (2)(a)1. through 5. has been applied.
(b) A rate of not more than 110 percent of the rate in paragraph (a) may be levied if approved by a two-thirds vote of the governing body.
(c) A rate in excess of the millage rate allowed in paragraph (b) may be levied if approved by a unanimous vote of the governing body or by a three-fourths vote if the governing body has nine or more members or if approved by a referendum of the voters."
These millage rates are approved by votes (two-thirds, unanimous, super majority) of the governing body of the special district.
Your question arises from the language in section 125.901(1)(a), Florida Statutes, establishing the composition of the governing board of the children's services district. The statute requires that the governing board of the council include
"the judge assigned to juvenile cases who shall sit as a voting member of the board, except that said judge shall not vote or participate in the setting of ad valorem taxes under this section."
Thus, you have asked whether the judge may be counted as a member of the governing body for purposes of the vote to set millage rates.
This office has issued a number of opinions considering voting requirements when officials abstain from voting or are prohibited from voting. In Attorney General Opinion 74-160, this office concluded that where only four members of a five-member town commission are present at a meeting of that body, the adoption of a resolution requires the affirmative vote of three members irrespective of the fact that one of the members present abstained from voting. That opinion stated that "[t]he fact that one member abstained from voting has no effect on the statutory provision that the adoption of a resolution requires that affirmative vote of a majority of the members present."
The conclusion in Attorney General Opinion 74-160, however, was based on the provisions of section 286.012, Florida Statutes, read together with section 112.3143, Florida Statutes, which, prior to the 1984 amendments to these statutes did not mandate a voting abstention in the case of a conflict, but afforded the officer a choice as to whether to abstain from voting or to vote and file a memorandum within 15 days disclosing the nature of his interest.[11] The statute, prior to its 1984 amendment, did not prohibit a public officer from voting in any situation; after the 1984 amendment, a local public officer was prohibited from voting on those measures which inure to his special gain or which, to his knowledge inure to the special gain of any principal by whom he is retained.[12]
In Attorney General Opinion 85-40, this office considered the effect of the 1984 amendment to section 112.3143(3), Florida Statutes. The amendment prohibited, rather than requiring a mere abstention, a public officer from voting in his official capacity on a matter in which he had a personal, private or professional interest and which inured to his special private gain or that of a principal by whom he or she was retained. The opinion discusses the meaning of the term quorum and concludes that "a quorum is a certain number of a governing or legislative body who are legally entitled to act." (e.s.) The opinion considers a scenario in which all five members of a municipality are present at a meeting but two members are prohibited by statute from voting on the matter under consideration. Thus, only three members of the town council are present who are legally entitled to act. Relying on the definitions of "quorum," the opinion concludes that the effect of the prohibition in section 112.3143, Florida Statutes, is to preclude those members who are prohibited from voting from being considered to be part of the quorum for that matter.[13]
Likewise, in the situation you have described, a judge, serving as a member of the governing board of a children's services council is prohibited from voting on or participating in the setting of ad valorem taxes under section 125.901, Florida Statutes. Since the judge is not legally entitled to act, his or her presence at a meeting or membership on the council should not be counted towards any vote calculations regarding ad valorem taxes.
Therefore, it is my opinion that a judge who is a member of a council of children's services created pursuant to section 125.901, Florida Statutes, may not be counted in the vote calculations toward approval for the millage rates levied pursuant to section 200.185(5), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 125.901(1), Fla. Stat.
[2] Pursuant to section 125.901(1)(a), Fla. Stat., such a body may also be called a juvenile welfare board or similar name as set forth in the county ordinance.
[3] Section 125.901(2)(a)1., Fla. Stat.
[4] Section 125.901(2)(a)3., Fla. Stat.
[5] Section 125.901(2)(a)4., Fla. Stat.
[6] Section 125.901(2)(a)5., Fla. Stat.
[7] Section 125.901(2)(a)6., Fla. Stat.
[8] Section 125.901(2)(a)7., Fla. Stat.
[9] Section 200.001(7), Fla. Stat.
[10] See s. 8, ch. 2007-321, Laws of Fla.
[11] See also, Op. Att'y Gen. Fla. 75-244 which concluded that although a member of a downtown development authority under Florida law could abstain from voting on a question in which he was personally interested, he was not disqualified and thus could be counted for purposes of computing a quorum for a vote on that question.
[12] The statute was again amended in 1994 to require public officials to vote, regardless of the existence of a conflict. In situations where there is a possible conflict of interest, the member is required to vote and comply with disclosure requirements. See s. 3, Ch. 94-277, Laws of Florida.
[13] Cf., Op. Att'y Gen. Fla. 86-61 (1986) (s. 112.3143(3), F.S., does not provide an exception or exemption from its mandatory abstention requirements in situations where abstention has the effect of preventing the local legislative body from taking any action on a measure).